(81 App. Div. 357.)

### ROSS v. GLENWOOD CEMETERY ASS'N et al.

(Supreme Court, Appellate Division, Third Department.  March 11, 1903.)

1. CEMETERIES—MORTGAGES—VALIDITY.

   A bond and mortgage given by a rural cemetery association to secure payment of the purchase price of land conveyed to the association are valid obligations of such association, enforceable by foreclosure.

2. SAME—REAL ESTATE—SALE.

   A sale under mortgage foreclosure of land belonging to a cemetery association, and in which no actual interments have been made, is not prohibited by Laws 1871, p. 829, c. 419, forbidding the Supreme Court to order the sale by a cemetery association of real estate used for actual interments.

Appeal from Judgment on Report of Referee.

Action by Cornelia F. Ross against the Glenwood Cemetery Association and others.  Judgment rendered, and plaintiff appeals from a portion thereof.  Affirmed.

This is an appeal by the plaintiff from such portion of the judgment entered herein, upon the report of a referee, as adjudges that a bond and mortgage executed by the defendant the Glenwood Cemetery Association to Erastus W. Smith of date April 1, 1877, and given as part purchase price of the tract of land therein described, was legal, valid, and enforceable by foreclosure, and from such portion of said judgment as adjudges that the proceedings in the action for the foreclosure of said mortgage, and that the judgment of foreclosure and sale entered therein, and that the sale had under said judgment, were legal and valid, and that the conveyance executed pursuant to said sale divested said association and all persons claiming under them, and this plaintiff, of all right, claim, and interest in and to the lands so sold, and vested a valid title in the grantees named in said conveyance, and from such portion of said judgment as dismissed the complaint upon the merits, with costs, as to said grantees.  The defendant the Glenwood Cemetery Association was a domestic corporation, incorporated in June, 1875, under the provisions of chapter 133, p. 125, of the Laws of 1847 of the state of New York, entitled "An act authorizing the incorporation of rural cemetery associations," and the acts amendatory thereof.  Soon after its incorporation said association acquired by purchase from various persons some 60 acres

---

¶ 1. See Cemeteries, vol. 9, Cent. Dig. § 14.

of adjoining lands for the purpose of devoting the same to cemetery purposes. Included in said 60 acres was a tract of 12.20 acres, which the association purchased from Erastus W. Smith and wife by contract, in the summer or fall of 1875 or spring of 1876, and of which the association took a deed of date March 30, 1877. While holding the 12.20-acre tract under contract, said association erected a sexton's house thereon, in which the office of the association has always been kept, set out ornamental trees, and laid out the main road entering the cemetery, and crossing said tract, to the Parker & Congdon purchases on the east, where all the interments, covering in the neighborhood of 10 acres, and numbering about 2,000, have been made, with the exception of the few interments made upon the 12.20-acre tract within the last three or four years. For the purpose of securing the payment of $3,490 of the purchase price of said tract of land of 12.20 acres, and as a part of the transaction of conveyance, the Glenwood Cemetery Association duly executed and delivered to said Erastus W. Smith its bond for such sum, payable within four years from date, with interest, secured by a mortgage in the usual form, upon said tract of 12.20 acres. Said mortgage was, in April, 1882, duly assigned by Erastus W. Smith to the Chenango Valley Savings Bank of Binghamton, N. Y., said association certifying in writing to said bank, as an inducement to the bank to take said assignment, that said mortgage was a good and valid mortgage in all respects, and that there were no defenses, legal or equitable, thereto. Default having been made in the payment of both principal and interest of said bond and mortgage, the Chenango Valley Savings Bank in June, 1899, brought an action for the foreclosure of said mortgage against said association, one Fohs, and one Hulbert. Said association interposed an answer alleging that said mortgage was invalid for the reason that the lands therein described were purchased by said association for use for cemetery purposes, as was well known to said Smith when he took said mortgage, and to the plaintiff when it took an assignment thereof, and that actual interments had been made upon a portion of said tract of land. The issue thus joined was brought to trial at a term of the Supreme Court held in September, 1899, and a judgment of foreclosure and sale was duly granted and entered for the sale of said tract of 12.20 acres, excepting therefrom those portions in the northeast corner of the tract which had been sold for burial purposes, and upon which said interments had been made. Pursuant to said judgment of foreclosure and sale, said tract of land was sold in November, 1899, under written objection by plaintiff, and was struck off to the defendant Israel T. Deyo, who assigned one-third of his bid to the defendant David H. Carver, and one-third to the defendant Martin L. Deyo, to which three persons a deed of said tract was duly executed and delivered by the referee who conducted said sale. The surplus arising upon the sale was paid to the county treasurer, and an order confirming said sale was duly granted and entered in December, 1899. Said grantees entered into possession of the lands so bought, and have erected several houses thereon and otherwise improved the same. From time to time between December, 1875, and November, 1891, the said Glenwood Cemetery Association assumed to issue certificates of indebtedness amounting in the aggregate to $168,300, of which the referee found that about $33,000 only were valid, a portion of which valid certificates were owned by the plaintiff herein. The plaintiff has brought this action for the purpose of having determined the validity, ownership, and amount of the certificates of indebtedness of said association, and to have said foreclosure sale adjudged to be void, and the title to said land adjudged to be in said association. Said referee found as to the validity and invalidity of said certificates of indebtedness, and no appeal has been taken from the judgment entered upon his findings relative thereto. Said referee decided that said bond and mortgage were legal and valid obligations of said association and enforceable by foreclosure; that the foreclosure proceedings were legal and valid; and that the judgment of foreclosure and sale, and the sale in pursuance thereof, divested the Glenwood Cemetery Association, and all persons claiming under them, and the plaintiff herein, of all right, claim, and interest in and to the lands so sold; and that the referee's deed given in pursuance of said sale vested the title to the lands sold under said

judgment in the grantees therein named; and said referee directed judgment entered in favor of said grantees dismissing the complaint as to them, on the merits, with costs. The plaintiff herein filed exceptions to the report of said referee, and has appealed as above stated, and from a portion of the judgment entered upon the decision of the referee.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

E. K. Clark, for appellant.

I. T. Deyo, for respondents.

PER CURIAM. We think that the bond and mortgage given by the Glenwood Cemetery Association to Erastus W. Smith was valid and enforceable, and that the foreclosure sale divested the association of its title and interest in the portion of the Smith tract so sold. The mortgage was a purchase-money mortgage, and a part of the transaction of conveyance by Smith to the association of the tract of 12.20 acres. The deed and mortgage constitute an indivisible act, and are to be regarded as one instrument, and construed as a conveyance, upon condition of payment expressed in the mortgage. Dusenbury v. Hulbert, 59 N. Y. 541; Greenpoint S. Co. v. Whitin, 69 N. Y. 328.

The sale under the foreclosure judgment of the unoccupied portion of the Smith tract was not prohibited by chapter 419, p. 829, Laws 1871. No question arises in this case as to the right to sell, under a foreclosure judgment, lands upon which interments have been made, or which have been sold by the cemetery association for burial purposes, but upon which interments have not yet been made, as all such portions of the mortgaged lands were expressly excepted from sale by the decree of foreclosure and sale.

The defense of the alleged invalidity of the Smith mortgage was interposed by the Glenwood Cemetery Association in the foreclosure action, and the judgment of the court adjudged the mortgage to be valid and enforceable. While the plaintiff herein was not a party to that action, it was not necessary that she should be made a party, being only a creditor of the association, as a holder of its certificates of indebtedness. That judgment still stands unmodified, and the referee has found that it should not be set aside or interfered with, and that the action in which it was rendered was instituted and conducted without collusion, and to enforce a just debt, past due, and his decision is amply supported by the evidence.

The portion of the judgment appealed from should be affirmed, with costs of this appeal to the defendants David H. Carver, Israel T. Deyo, and Martin L. Deyo against the plaintiff.